**Leonardo PULUMAHUNY, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 08–4275–ag.

United States Court of Appeals, Second Circuit.

March 2, 2009.

Yan Wang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Tim Ramnitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present PIERRE N. LEVAL, GUIDO CALABRESI, and REENA RAGGI, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

## SUMMARY ORDER

Petitioner Leonardo Pulumahuny, a native and citizen of Indonesia, seeks review of a June 24, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Leonardo Pulumahuny*, No. A72 391 250 (B.I.A. June 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA properly denied Pulumahuny's motion to reopen as untimely where it was filed almost three years after his 2005 final order of removal. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an applicant must file a motion to reopen within ninety days of the final administrative decision). Moreover, the BIA did not abuse its discretion in holding that Pulumahuny failed to present material evidence of changed country conditions sufficient to satisfy the exception to the time limitation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). While the documents he submitted indicate that Muslim Indonesians intimidated his family by "banging" on their fence and making threats against Pulumahuny, we cannot conclude that the BIA erred in concluding that such evidence does not demonstrate changed country conditions sufficient to warrant reopening his proceedings. Accordingly, the BIA properly denied his motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).